## THE ANDREAS GERAKIS.

(Circuit Court of Appeals, Second Circuit. November 13, 1917.)

No. 21.

COLLISION ☞74—Tow AND ANCHORED VESSEL—OBSTRUCTION OF FAIRWAY.

Evidence *held* insufficient to sustain the allegation of libelant in a collision suit that claimant's steamship, when struck by the tow of libelant's tug, was improperly anchored where she obstructed the fairway.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty for collision by the Philadelphia & Reading Railway Company against the steamship Andreas Gerakis; S. Catevatis, claimant. Decree for claimant, and libelant appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Kirlin, Woolsey & Hickox, of New York City (Cletus Keating and John M. Woolsey, both of New York City, of counsel), for claimant.

Macklin, Brown & Purdy, of New York City (Pierre M. Brown, of New York City, of counsel), for libelant.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. There is presented but one question by this appeal, and that of fact only, viz. the position of the anchored steamship, when struck by the tow of libelant's tug. If she was substantially where the libel alleged, she unnecessarily, and therefore negligently, impeded the fairway. The burden of proving such negligence was on libelant. Upon consideration of the evidence, we are as unable as was the trial judge to fix the steamer's position, further than to hold that she was not shown to be where the libel placed her.

Therefore the court below rightly dismissed the libel for lack of proof, and the decree is affirmed, with costs.